UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANHEUSER-BUSCH, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BABY BEER BOTTLES, INC., and | ) | JURY DEMANDED |
| GREG B. JONES | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Anheuser-Busch, Incorporated ("Anheuser-Busch"), for its Complaint against

Defendants Baby Beer Bottles, Inc. and Greg B. Jones ("Baby Beer Bottles" or "Defendants"),

states the following:

## INTRODUCTION

1.      This is an action at law and in equity for trademark infringement, unfair competition and

dilution arising under the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§

1051, et seq.; Missouri Revised Statutes § 417.056 and § 417.061(1); Maryland Code Annotated,

Business Regulation § 1-414, the trademark and dilution statutes of various other states and the

common law of several states including Missouri and Maryland.

2.      Defendants sell baby beer bottles which infringe numerous Anheuser-Busch trademarks,

including Anheuser-Busch's federally registered and famous BUDWEISER mark.  Defendants

have never sought Anheuser-Busch's permission to sell these products, and Anheuser-Busch in

no way authorized or approved Defendants' egregious conduct.  Defendants obviously intend to

profit from the famous Anheuser-Busch trademarks by confusing and deceiving consumers with

Defendants' blatant copying.  Defendants' offensive and inappropriate merchandise tarnishes the distinctive quality of Anheuser-Busch's trademarks and dilutes the ability of those trademarks to serve as symbols of the high-quality and superior products the public has come to expect from Anheuser-Busch.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over Anheuser-Busch's federal claims pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.  The Court has subject matter jurisdiction over Anheuser-Busch's state statutory and common law claims pursuant to 28 U.S.C. § 1367.

4.     This court has jurisdiction over the Defendants by virtue of the fact that they are engaged in the business of selling merchandise, specifically including baby beer bottles, throughout the United States, including in this judicial district, via the internet.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

6.     Plaintiff Anheuser-Busch is a Missouri corporation with its principal offices at One Busch Place, St. Louis, Missouri, 63118.

7.     On information and belief, Defendant Baby Beer Bottles, Inc. is a corporation or a sole proprietorship of the State of Maryland doing business at 2569 A Riva Road, Suite 203, Annapolis, MD  21401 and/or 810 Landmark Dr., Suite 124, Glen Burnie, MD 21061.

8.     Upon information and belief, Defendant Greg B. Jones is a resident of the state of Maryland residing or doing business at 2569 A Riva Road, Suite 203, Annapolis, MD  21401

and/or 810 Landmark Dr., Suite 124, Glen Burnie, MD 21061.  Upon information and belief,

Defendant Greg B. Jones has personally participated in the infringing acts alleged herein and/or

controlled or directed the infringing acts of Defendant Baby Beer Bottles, Inc.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.      Anheuser-Busch holds nearly fifty percent of the U.S. beer market.  The company brews

the world's largest-selling beers, BUDWEISER and BUD LIGHT.  Anheuser-Busch has

produced, marketed, distributed, and sold its universally famous BUDWEISER beer in this

country for over 100 years.

10.      After great expenditures of time, money and effort, Anheuser-Busch has developed many

distinctive trademarks, designs, forms of advertisement, and slogans, which it has used and

continues to use in connection with its many products and business activities.

11.      In addition to the production, marketing, distribution and sale of beer, non-alcohol malt

beverages and other beverages, Anheuser-Busch also is engaged in the business of marketing,

distributing, selling, and licensing a wide range of promotional products bearing trademarks

owned by Anheuser-Busch, including but not limited to:  clothing, gifts, beverage accessories,

recreational products, collectables and a wide variety of other promotional products.

## THE ANHEUSER-BUSCH MARKS

12.      Anheuser-Busch is the owner of many famous registered and common law trademarks

associated with the BUDWEISER brand and with the appearance of the BUDWEISER label

used on bottles, as well as the overall appearance of such bottles.  These marks include, among

others: (a) BUDWEISER; (b) the Budweiser Label Design (both with and without the

BUDWEISER word mark); and (c) the overall trade dress of the bottle.  As described in detail below, these marks are the subject of numerous federal registrations covering a wide range of products, including but not limited to: beer, clothing of all sorts, including T-shirts, sweatshirts, shorts, bathing suits, gloves, hats, caps, rainwear, visors, shoes and socks, key chains, playing cards, paper goods, bags, containers and cups, coolers, decals, beach towels, pennants, radios, telephones, cameras, sunglasses, umbrellas, billfolds, jewelry, and accessories.

13.     The label appearing on a bottle of BUDWEISER beer, and on other Anheuser-Busch products, is comprised of famous and well-known elements almost universally recognized by the adult public, both separately and in combination, as trademarks of Anheuser-Busch.

<u>The BUDWEISER Word Mark</u>

14.     Anheuser-Busch or its predecessors in interest have used the BUDWEISER word mark continuously in this country since 1876.  In addition to using the mark in connection with beer, Anheuser-Busch has used the BUDWEISER word mark continuously in connection with apparel and a wide range of promotional products since at least as early as 1938.

15.     Anheuser-Busch owns a number of valid and subsisting United States Trademark Registrations for the BUDWEISER mark, which cover a variety of products, including beer, clothing and a wide range of promotional products.  Anheuser-Busch's BUDWEISER registrations include:  Reg. No. 922,481; Reg. No. 952,277; Reg. No. 1,402,016; Reg. No. 1,443,856; Reg. No. 1,568,251; Reg. No. 2,506,291 and Reg. No. 2,627,994.  True and correct copies of the Certificates of Registration corresponding to the aforementioned registrations are attached collectively as **Exhibit A**.

16.     In addition, United States Trademark Reg. No. 922,481; Reg. No. 952,277; Reg. No. 1,402,016; Reg. No. 1,443,856; Reg. No. 1,568,251; Reg. No. 2,506,291 and Reg. No. 2,627,994 for the BUDWEISER word mark are incontestable pursuant to Sections 15 and 33(b) of the Lanham Act, 15 U.S.C. §§1065, 1115(b).

17.     Anheuser-Busch owns a valid and subsisting State of Missouri Registration for the BUDWEISER word mark, Reg. No. 1,260.  A true and correct copy of the Missouri Certificate of Registration is attached as **Exhibit B**.

18.     Anheuser-Busch owns a valid and subsisting State of Maryland Registration for the BUDWEISER word mark, Reg. No. 1996 - 07837.  A true and correct copy of the Maryland Certificate of Registration is attached as **Exhibit C**.

<u>The Budweiser Label Design</u>

19.     The Budweiser Label Design has been used in a variety of styles and formats in this country since 1876 and is one of the most famous and widely recognized trademarks in the United States.  The Budweiser Label Design functions as a trademark apart from the BUDWEISER word mark or any other mark, and is distinctive and recognized by the adult public as indicating Anheuser-Busch, whether or not it appears with the BUDWEISER word mark and whether on beer or other products.

20.     Anheuser-Busch owns a number of valid and subsisting United States Trademark Registrations for its Budweiser Label Design, which cover a variety of products, including beer, clothing, and a wide range of other promotional products.  Trademark Registrations for the Budweiser Label Design alone, without any additional words or designs, include Reg. No. 902,321; Reg. No. 1,372,700; Reg. No. 1,382,607; Reg. No. 1,443,855 and Reg. No. 2,484,620.

True and correct copies of the Certificates of Registration for these marks are attached

collectively as **Exhibit D**, and a color depiction of the registered mark is shown below:



Anheuser-Busch also owns Trademark Registrations that include other terms (such as the

BUDWEISER word mark) with the Budweiser Label Design, including Reg. No. 895,176. A

true and correct copy of this Certificates of Registration for the mark is attached hereto as

**Exhibit E.**

21.     In addition, United States Trademark Reg. No. 1,372,700; Reg. No. 1,382,607; Reg. No.

1,443,855; Reg. No. 2,484,620; Reg. No. 895,176; and Reg. No. 1,516,463 for the Budweiser

Label Design mark are incontestable pursuant to Sections 15 and 33(b) of the Lanham Act, 15

U.S.C. §§1065, 1115(b).

The BUDWEISER Bottle Trade Dress

22.     By virtue of extensive sales, advertising and promotion of BUDWEISER beer and by

virtue of the extensive recognition of the appearance of the BUDWEISER beer bottle, Anheuser-

Busch has acquired extensive common law trademark and trade dress rights in the overall

appearance of the BUDWEISER beer bottle in addition to the rights arising from its federal registrations of the various prominently used elements of the BUDWEISER beer bottle.  A true and correct copy of a photograph of a BUDWEISER beer bottle is attached as **Exhibit F**.

23.     The overall look, appearance and trade dress of the BUDWEISER beer bottle are widely known and recognized by the adult public.  They are indelibly impressed on adult consumers' minds as powerful symbols which embody an extraordinary level of commercial recognition. For purchasers, potential purchasers, and members of the general adult public, the overall look, appearance and trade dress of the BUDWEISER beer bottle symbolize Anheuser-Busch, BUDWEISER beer, and the affection, favorable recognition, and goodwill which surround the BUDWEISER brand.  The common law trademark and trade dress rights embodied in the BUDWEISER beer  bottle exclusively symbolize and are associated in the adult public mind with Anheuser-Busch, its products and its enormous and valuable goodwill.

24.     As a result of literally billions of individual visual, verbal and mental impressions created by the marketing, sale, consumption and use of BUDWEISER beer and related merchandise, adult consumers have come to recognize the features of the BUDWEISER beer bottle and to identify them uniquely with Anheuser-Busch.

25.     For purposes of this Complaint, Anheuser-Busch's registered trademarks are referred to collectively as the "Anheuser-Busch Registered Marks" and together with the common law rights described above are hereinafter collectively referred to as the "Anheuser-Busch Marks."

26.     Anheuser-Busch has engaged in the marketing, distribution and sale of products depicting the Anheuser-Busch Marks since long prior to the acts complained of herein and Anheuser-Busch is the owner of exclusive trademark rights therein.  The Anheuser-Busch Marks have been

and are used by Anheuser-Busch to market its products and services on television, radio,

billboards, internet and printed advertisements, and through the sale and distribution of many

products.  Anheuser-Busch expends large sums of money for marketing each year.

27.     The Anheuser-Busch Marks and the goodwill of the business associated with them in the

United States are of great and incalculable value to Anheuser-Busch, are highly distinctive and

arbitrary, and have become universally associated in the adult public mind with products and

services of the very highest quality and reputation, with Anheuser-Busch as their source.

28.     Each of the Anheuser-Busch Marks is inherently distinctive and is uniquely associated

with Anheuser-Busch in the minds of consumers throughout the United States, including in

Missouri and Maryland.

29.     Each year Anheuser-Busch expends large sums of money to develop and market products

bearing the Anheuser-Busch Marks.  Anheuser-Busch's products are designed and manufactured

pursuant to high quality standards.  Anheuser-Busch authorizes production of products by third-

party licensees and offers promotional products bearing the Anheuser-Busch Marks through its

own catalogs to retailers, Anheuser-Busch distributors and the public.  As a result of Anheuser-

Busch's investments and efforts, the Anheuser-Busch Marks have become synonymous with

quality products of many types in addition to BUDWEISER beer.

30.     The Anheuser-Busch Marks used on non-beer products have significant commercial

value separate and apart from their use on Anheuser-Busch beer.  The sale of licensed products is

a part of Anheuser-Busch's business from which significant and independent corporate income

and promotional value are derived.

<u>DEFENDANTS' UNLAWFUL ACTIVITIES</u>

31.    Defendants manufacture, market, distribute and/or sell baby beer bottles, throughout the United States, including in the Eastern District of Missouri.

32.    Defendants sell baby beer bottles that incorporate words and images that are identical to, substantially indistinguishable from, or are colorable imitations of each of the Anheuser-Busch Marks.  Defendants market these baby beer bottles as "Bunwiper" (referred to hereafter as the "Infringing Products").  True and correct copies of photographs of the Infringing Products are attached collectively as **Exhibit G**.

33.    Neither of the Defendants are a subsidiary, affiliate, licensee or related company of Anheuser-Busch, and Anheuser-Busch has not authorized or licensed Defendants to distribute or sell products bearing the Anheuser-Busch Marks, or any reproductions, copies or colorable imitations thereof.

34.    Defendants' sale and offer for sale of the Infringing Products bearing imitations of the Anheuser-Busch Marks are likely to cause confusion and mistake as to the source or origin of the Infringing Products and to create a false impression of sponsorship, approval or endorsement of those products by Anheuser-Busch.

35.    Because the adult public uniquely associates the Anheuser-Busch Marks with Anheuser-Busch, Defendants' acts present a substantial likelihood of confusion and deception.  Defendants' unauthorized use of the Anheuser-Busch Marks has caused and will continue to cause an erosion of the public's exclusive identification of the Anheuser-Busch Marks with Anheuser-Busch, thus diminishing the distinctiveness and tarnishing and degrading the positive associations and prestigious connotations of these marks and causing dilution by blurring and tarnishment.

36.     Defendants' acts demonstrate deliberate, willful and bad faith intent to create confusion and mistake, to deceive purchasers and to trade on the established reputation and goodwill of Anheuser-Busch by falsely implying an association, connection, affiliation or relationship with Anheuser-Busch and its goods to the great and irreparable injury of Anheuser-Busch.

37.     Defendants' use of Anheuser-Busch Marks on the Infringing Products has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of purchasers, as well as members of the adult public who see the Anheuser-Busch Marks on the Infringing Products.  The natural and probable result is that Anheuser-Busch has suffered, and will continue to suffer irreparable injury to and dissipation of its reputation and goodwill for which Anheuser-Busch has no adequate remedy at law.

38.     On information and belief, Defendants' actions have caused, are causing and/or are likely to cause actual confusion between Defendants and their Infringing Products, and the Anheuser-Busch Marks.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement**
**(15 U.S.C. § 1114)**

39.     Anheuser-Busch repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.

40.     By engaging in the acts described above, Defendants have introduced and marketed the Infringing Products in interstate commerce using designations and representations that are confusingly similar to the Anheuser-Busch Registered Marks.

SLC-5565449-1

41.     Defendants' actions are likely to cause confusion, to cause mistake, and to deceive purchasers, prospective purchasers, and the public.

42.     Defendants' actions demonstrate an intentional, willful and malicious intent to trade upon the goodwill associated with the Anheuser-Busch Registered Marks.

43.     Defendants' actions constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44.     Anheuser-Busch is being and will continue to be damaged by Defendants' infringing activities, which cause a likelihood of confusion and actual confusion among the purchasing public as to the true identity, source, sponsorship or affiliation of the goods of Defendants.

45.     Because of Defendants' infringing activities, Anheuser-Busch has suffered and will continue to suffer damage to its business reputation and goodwill, and the loss of sales and profits it would have made but for the improper acts of Defendants.

46.     Because of Defendants' infringing activities, Anheuser-Busch is entitled to injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117.  Anheuser-Busch is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. § 1117.

### SECOND CLAIM FOR RELIEF
**Federal Unfair Competition**
**(15 U.S.C. § 1125(a))**

47.     Anheuser-Busch repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.

SLC-5565449-1

48.     Defendants' advertising, marketing, offering for sale and sale of goods with false designations and representations identical or closely similar to the Anheuser-Busch Marks is likely to cause confusion, or to cause mistake, or to deceive purchasers and potential purchasers and members of the public as to the affiliation, connection or association between Defendants and their Infringing Products and Anheuser-Busch and its products, and/or as to the origin, sponsorship, authorization or approval of Defendants' goods by Anheuser-Busch.

49.     Defendants' use and marketing of colorable imitations of the Anheuser-Busch Marks has not been authorized by Anheuser-Busch.

50.     Defendants' actions demonstrate an intentional, willful and malicious intent to trade upon the goodwill associated with the Anheuser-Busch Marks.

51.     Anheuser-Busch is being and will continue to be damaged by Defendants' false designations and representations because they are resulting in and, unless enjoined by this Court, will continue to result in confusion among the purchasing public and the trade as to the true affiliation, connection, association, origin, sponsorship or approval of Defendants' goods.

52.     Because of Defendants' false designations and representations, Anheuser-Busch has suffered and will suffer damage to its business reputation, and goodwill, and the loss of sales and profits that Anheuser-Busch would have made but for Defendants' acts.

53.     Defendants' false and deceptive designations and representations, violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and Anheuser-Busch has no adequate remedy at law.

54.     Because of Defendants' infringing activities, Anheuser-Busch is entitled to injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees pursuant to 15

U.S.C. §§ 1125, 1116 and 1117.  Anheuser-Busch is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. §§ 1117.

## THIRD CLAIM FOR RELIEF
### Federal Dilution
### (15 U.S.C. § 1125(c))

55.     Anheuser-Busch repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.

56.     Anheuser-Busch has extensively and continuously promoted and used the Anheuser-Busch Marks both in the United States and throughout the world, and those marks have become distinctive, famous, and well-known symbols of the Plaintiffs' goods and services well before Defendants' actions complained of in this Complaint.

57.     Defendants' unauthorized use of the Anheuser-Busch Marks dilutes and is likely to dilute the distinctiveness of these marks by eroding the public's exclusive identification of these famous marks with Anheuser-Busch, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish Anheuser-Busch's goods and services.  Defendants' actions are likely to cause injury to the business reputation of Anheuser-Busch.

58.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Anheuser-Busch Marks or to cause dilution of these marks, to the great and irreparable injury of Anheuser-Busch.

59.     Because of Defendants' infringing activities, Anheuser-Busch is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1125(c).

## FOURTH CLAIM FOR RELIEF
### Missouri State Trademark Infringement
### (MO. REV. STAT. § 417.056)

60.     Anheuser-Busch repeats and incorporates the allegations set forth in all preceding

paragraphs as if set forth in full herein.  This claim is a substantial and related claim to

Anheuser-Busch's federal claims.

61.     Defendants have used reproductions, copies or colorable imitations of the Anheuser-

Busch marks, including the BUDWEISER trademark that is the subject of Missouri Trademark

Reg. No. 1,260, in connection with the sale, offering for sale and advertising of Defendants'

products.  Defendants' actions have not been authorized by Anheuser-Busch and are likely to

cause confusion or mistake as to the source or origin of Defendants' products.

62.     Defendants' actions demonstrate an intentional, willful and malicious intent to trade upon

the goodwill associated with the Anheuser-Busch Marks.

63.     Anheuser-Busch is being and will continue to be damaged by Defendants' false

designations and representations because they are resulting in and, unless enjoined by this Court,

will continue to result in confusion among the purchasing public and the trade as to the true

affiliation, connection, association, origin, sponsorship or approval of Defendants' goods.

64.     Because of Defendants' false designations and representations, Anheuser-Busch has

suffered and will suffer damage to its business reputation, and goodwill, and the loss of sales and

profits that Anheuser-Busch would have made but for Defendants' acts.

65.     Defendants' actions are in violation of MO. REV. STAT. § 417.056, and Anheuser-Busch

has no adequate remedy at law.

66.     Because of Defendants' infringing activities, Anheuser-Busch is entitled to injunctive relief, an accounting for profits and damages pursuant to MO. REV. STAT. §§ 417.056.

**FIFTH CLAIM FOR RELIEF**
**Missouri State Trademark Dilution**
**(MO. REV. STAT. § 417.061)**

67.     Anheuser-Busch repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.  This claim is a substantial and related claim to Anheuser-Busch's federal claims.

68.     Anheuser-Busch has extensively and continuously promoted and used the Anheuser-Busch Marks both in the United States and throughout the world, and those marks have become distinctive and well-known symbols of Anheuser-Busch's goods and services well before Defendants offered for sale the Infringing Products complained of in this Complaint.

69.     Defendants' unauthorized use of the Anheuser-Busch Marks dilutes and is likely to dilute the distinctiveness of these marks by eroding the public's exclusive identification of these famous marks with Anheuser-Busch, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish Anheuser-Busch's goods and services.

70.     Defendants' actions are likely to cause injury to the business reputation of Anheuser-Busch.

71.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Anheuser-Busch Marks or to cause dilution of the Anheuser-Busch Marks, to the great and irreparable injury of Anheuser-Busch.

72.    Defendants are causing and will continue to cause irreparable injury to Anheuser-Busch's goodwill and business reputation, and dilution of the distinctiveness and value of Anheuser-Busch's famous and distinctive Anheuser-Busch Marks in violation of Missouri antidilution statute MO. REV. STAT. § 417.061(1).  Because of Defendants' activities, Anheuser-Busch is entitled to injunctive relief, pursuant to MO. REV. STAT. §§ 417.061.

## SIXTH CLAIM FOR RELIEF
### State Trademark Infringement – Maryland and Other States
### (MD. BUS. REG. CODE ANN. § 1-414)

73.    Anheuser-Busch repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.  This claim is a substantial and related claim to Anheuser-Busch's federal claims.

74.    Defendants have knowingly used reproductions, copies or colorable imitations of the Anheuser-Busch marks, including the BUDWEISER trademark that is the subject of Maryland Trademark Reg. No. 1996-07837 and numerous other trademark registrations, in connection with the sale, offering for sale and advertising of Defendants' products.  Defendants' actions have not been authorized by Anheuser-Busch and are likely to cause confusion, cause a mistake or deceive a person as toeither the origin, sponsorship or approval of Defendants' products or the affiliation, connection or association of the Defendants with Anheuser-Busch.

75.    Defendants' actions demonstrate an intentional, willful and malicious intent to trade upon the goodwill associated with the Anheuser-Busch Marks and with an intent to confuse or deceive the public.

76.    Anheuser-Busch is being and will continue to be damaged by Defendants' false designations and representations because they are resulting in and, unless enjoined by this Court,

will continue to result in confusion among the purchasing public and the trade as to the true

affiliation, connection, association, origin, sponsorship or approval of Defendants' goods.

77.     Because of Defendants' false designations and representations, Anheuser-Busch has

suffered and will suffer damage to its business reputation, and goodwill, and the loss of sales and

profits that Anheuser-Busch would have made but for Defendants' acts.

78.     Defendants' actions are in violation of MD. BUS. REG. CODE ANN. § 1-414 and the laws

of numerous other states, and Anheuser-Busch has no adequate remedy at law.

79.     Because of Defendants' infringing activities, Anheuser-Busch is entitled to injunctive

relief, an accounting for profits and damages pursuant to MD. BUS. REG. CODE ANN. § 1-414 and

other state statutes.

## SEVENTH CLAIM FOR RELIEF
### State Trademark Dilution – Maryland and Other States

80.     Anheuser-Busch repeats and incorporates the allegations set forth in all preceding

paragraphs as if set forth in full herein.  This claim is a substantial and related claim to

Anheuser-Busch's federal claims.

81.     Anheuser-Busch has extensively and continuously promoted and used the Anheuser-

Busch Marks both in the United States and throughout the world, and those marks have become

famous and distinctive symbols of Anheuser-Busch's goods and services well before Defendants

offered for sale the Infringing Products complained of in this Complaint.

82.     Defendants' unauthorized use of the Anheuser-Busch Marks dilutes and is likely to dilute

the distinctiveness of these marks by eroding the public's exclusive identification of these

famous marks with Anheuser-Busch, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish Anheuser-Busch's goods and services.

83.     Defendants' actions are likely to cause irreparable injury to the business reputation of Anheuser-Busch.

84.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the reputation of Anheuser-Busch or to cause dilution of the Anheuser-Busch Marks.

85.     Defendants are causing dilution of the distinctiveness and value of Anheuser-Busch's famous and distinctive Anheuser-Busch Marks in violation of the laws of Maryland and numerous other states.  Anheuser-Busch is, therefore, entitled to injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees.

<u>**EIGHTH CLAIM FOR RELIEF**</u>
**State Common Law Trademark Infringement and Unfair Competition**

86.     Anheuser-Busch repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.  This claim is a substantial and related claim to Anheuser-Busch's federal claims.

87.     Defendants' acts constitute common law trademark infringement and unfair competition in violation of the common law of several states including the State of Missouri and the State of Maryland.

88.    Defendants' acts have created, and unless restrained by this Court, will continue to create a likelihood of confusion and deception of the consuming public, causing irreparable injury to Anheuser-Busch for which Anheuser-Busch has no adequate remedy at law.

89.    On information and belief, Defendants acted with full knowledge of Anheuser-Busch's use of, and statutory and common law rights to, the Anheuser-Busch Marks and without regard to the likelihood of confusion and deception of the public created by those activities.

90.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Anheuser-Busch Marks to the great and irreparable injury of Anheuser-Busch.

91.    As a result of Defendants' acts, Anheuser-Busch has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Anheuser-Busch is entitled to injunctive relief, an accounting of Defendants' profits, actual damages and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Anheuser-Busch prays that:

1.      Defendants and all their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined preliminarily and permanently, from:

(a)      manufacturing, distributing, marketing, selling or offering for sale any goods which bear any colorable imitation of the Anheuser-Busch Marks or any of them, alone or in combination with any other words or symbols, including but not limited to the Infringing Products;

(b)      using any terms, marks, words or symbols which so resemble any of the Anheuser-Busch Marks or any names, marks or designations of Anheuser-Busch as to be likely to cause confusion, mistake, deception or misunderstanding in connection with the manufacture, distribution, advertising, promotion or sale of any product which is not authorized by Anheuser-Busch, including but not limited to the marks used on the Infringing Products;

(c)      expressly or by implication, representing that Defendants or their goods are those of or are affiliated with, or authorized, licensed, endorsed or sponsored by Anheuser-Busch or its subsidiaries, affiliates or related companies;

(d)      selling any goods or services or engaging in any actions which are likely to dilute or tarnish the distinctive quality of the Anheuser-Busch Marks, names and forms

SLC-5565449-1

of advertisement or otherwise cause injury to Anheuser-Busch's business reputation, including but not limited to the Infringing Products;

(e)     making or engaging in any express or implied false descriptions, false designations or false representations with respect to the products of Defendants in violation of Section 32 or Section 43(a) of the Lanham Act; and

(f)     otherwise infringing upon the Anheuser-Busch Marks or unfairly competing with Anheuser-Busch in any manner whatsoever.

2.     Defendants be ordered to recall all products bearing the Anheuser-Busch Marks, or any other confusingly similar mark, including but not limited to the Infringing Products, which have been shipped by Defendants or under their authority, to any customer including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

3.     Defendants be ordered to deliver up for impoundment and destruction all Infringing Products or other materials in the possession, custody, or under the control of Defendants that are found to adopt, infringe, or dilute any of the Anheuser-Busch Marks or that otherwise unfairly compete with Anheuser-Busch and its products and services;

4.     Defendants be compelled to account to Anheuser-Busch for any and all profits derived by Defendants from the sale or distribution of infringing goods as described in this Complaint;

5.     Anheuser-Busch be awarded all damages caused by the acts forming the basis of this Complaint;

6.      Based on Defendants' knowing and intentional use of confusingly similar and substantially indistinguishable imitations of Anheuser-Busch Marks, the damages award be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.      Defendants be required to pay to Anheuser-Busch the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

8.      Based on Defendants' willful and deliberate infringement and dilution of the Anheuser-Busch Marks, and to deter such conduct in the future, Anheuser-Busch be awarded punitive damages; and

9.      Anheuser-Busch be awarded such other and further relief as the Court may deem just.


DATED:  March 8, 2010


                                Respectfully submitted,

                                HUSCH BLACKWELL SANDERS LLP


                                /s/Gary A. Pierson II
                                Alan S. Nemes  (E.D. Mo. # 3933)
                                Michelle W. Alvey  (E.D. Mo. #40774)
                                Gary A. Pierson II  (E.D. Mo. # 511498)
                                720 Olive Street, 24th Floor
                                St. Louis, MO  63101
                                Telephone: 314-345-6000
                                Fax: 314-345-6060
                                Email: gpierson@blackwell.com

                                *Attorneys for Plaintiff Anheuser-Busch,*
                                *Incorporated*

SLC-5565449-1